Constantine D. Pourakis (cp@stevenslee.com)
Stevens & Lee, P.C.
485 Madison Avenue, 20th Floor
New York, NY 10022
Telephone:  (212) 537-0409
Fax:  (610) 371-1237

Attorneys for Defendant Parking Source, LLC

**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BOOMERANG SYSTEMS, INC., BOOMERANG SUB, INC., BOOMERANG USA CORP. and BOOMERANG MP HOLDINGS, INC.,<br><br>　　　　　　　　　　　Plaintiffs,<br><br>　　　　-against-<br><br>PARKING SOURCE LLC, HARVEY HERNANDEZ and JESUS QUINTERO,<br><br>　　　　　　　　　　　Defendants. | 15 Civ. 6524 (AJC)<br><br>**PARKING SOURCE LLC'S ANSWER & COUNTERCLAIM** |

Defendant Parking Source LLC hereby files its Answer to Plaintiffs' Complaint and its Counterclaim.

## Preliminary Statement

1. Denied.

2. Denied.

3. Denied, except that the contracts attached to the Complaint are accurate copies of the contracts.

4. Denied.

5. Denied.

6. Denied.

7. Denied.

8. Denied.

## PARTIES

9. Parking Source lacks sufficient information to either admit or deny this allegation.

10. Parking Source lacks sufficient information to either admit or deny this allegation.

11. Parking Source lacks sufficient information to either admit or deny this allegation.

12. Parking Source lacks sufficient information to either admit or deny this allegation.

13. Admitted.

14. Admitted that Harvey Hernandez is a resident of Florida. Admitted that Harvey Hernandez is the Chairman and Chief Executive Officer of Newgard Development Group, Inc. Admitted that Harvey Hernandez is the manager and a member of Brickell House Holding, LLC. All remaining allegations are otherwise denied.

15. Admitted that Jesus Quintero is a resident of Florida and/or Venezuela. All remaining allegations are otherwise denied.

## JURISDICTION AND VENUE

16. Admitted that this Court has subject matter jurisdiction over Plaintiffs' claims against Parking Source only. All remaining allegations are otherwise denied.

17. Admitted that venue is proper with respect to Plaintiffs' claims against Parking Source only. All remaining allegations are otherwise denied.

## FACTUAL ALLEGATIONS

**I.  Defendants' Involvement in the Facility**

    **A.  The LSA**

18. The Loan and Security Agreement is attached to the Complaint and speaks for itself. Parking Source is not required to admit or deny the allegations.

19. The Loan and Security Agreement is attached to the Complaint and speaks for itself. Parking Source is not required to admit or deny the allegations.

20. The Loan and Security Agreement is attached to the Complaint and speaks for itself. Parking Source is not required to admit or deny the allegations.

21. The Loan and Security Agreement is attached to the Complaint and speaks for itself. Parking Source is not required to admit or deny the allegations.

22. The Loan and Security Agreement is attached to the Complaint and speaks for itself. Parking Source is not required to admit or deny the allegations.

### B. The Brickell Garage

23. Denied.

24. Denied.

25. Denied.

### C. The PIPE Transaction

26. Parking Source lacks sufficient information to admit or deny this allegation.

27. Denied.

### D. The April Advance

28. Denied.

29. Denied.

30. Denied.

### E. Defendants' Breach And Refusal to Fund

31. Denied.

32. The email referenced and quoted in this allegation speaks for itself. Parking Source is not required to admit or deny the allegations.

33. The email referenced and quoted in this allegation speaks for itself.  Parking Source is not required to admit or deny the allegations.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

    **II.**    **Defendants Have Caused Significant Losses To Boomerang**

39. Denied.

40. Denied.

### FIRST CAUSE OF ACTION
### Breach of Contract
### (Against Parking Source)

41. Parking Source incorporates by reference its responses to the allegations contained in paragraphs 1 through 40.

42. Denied.

43. Denied.

44. Denied.

45. Denied

### SECOND CAUSE OF ACTION
### Breach of Contract
### (Against Hernandez and Quintero)

46. Count II is made against Defendants Hernandez and Quintero, and thus Parking Source is not required to respond at all.

47. Count II is made against Defendants Hernandez and Quintero, and thus Parking Source is not required to respond at all.

48. Count II is made against Defendants Hernandez and Quintero, and thus Parking Source is not required to respond at all.

49. Count II is made against Defendants Hernandez and Quintero, and thus Parking Source is not required to respond at all.

50. Count II is made against Defendants Hernandez and Quintero, and thus Parking Source is not required to respond at all.

51. Count II is made against Defendants Hernandez and Quintero, and thus Parking Source is not required to respond at all.

52. Count II is made against Defendants Hernandez and Quintero, and thus Parking Source is not required to respond at all.

Defendant Parking Source LLC denies all liability and denies each and every allegation made against it except those that have been expressly admitted. Defendant Parking Source LLC denies that Plaintiffs are entitled to any relief requested in its Prayer for Relief or its Wherefore clause following paragraph 52.

## JURY DEMAND

Parking Source LLC denies that Plaintiffs are entitled to a trial by jury pursuant to Article 12.3 ("Jury Waiver") of the Loan and Security Agreement attached as Exhibit 1 to the Complaint.

## PARKING SOURCE LLC'S DEFENSES & AFFIRMATIVE DEFENSES

1. The Complaint fails to state a cause of action.

2. Plaintiffs' allegations of "malice" and "willful misconduct" are scandalous allegations that have no relevance to the sole count for breach of contract. A party's intent in breaching a contract is irrelevant to the cause of action.

3. Any "malice" or "intent" is protected speech pursuant to the First Amendment.

4. The Plaintiffs breached the contracts at issue prior to any alleged breach by Parking Source, LLC, thus relieving Parking Source LLC of any subsequent contractual obligation.

5. The Plaintiffs committed fraud in the inducement and fraud in the execution by repeatedly deceiving Parking Source into the efficacy of its Robotic Valet parking device.

6. The Plaintiffs' claims are barred by the statute of limitations and/or the doctrines of estoppel and laches.

7. The Plaintiffs have failed to mitigate their damages.

8. The Plaintiffs' claim for consequential damages is expressly barred pursuant to Article 16.10 of the LSA. Plaintiffs' recovery, if any, is limited to the $1.6 million in contract damages pled in paragraphs 28-30 of the Complaint.

9. Parking Source is not responsible for any consequential or otherwise unforeseeable damages.

10. No act or omission by Parking Source was done (or not done) with malice or bad faith.

11. At all times Parking Source acted in good faith with its own economic interests in mind.

12. Plaintiffs' claims against Parking Source are barred by the doctrines of res judicata or collateral estoppel.

13. Parking Source reserves its right to seek indemnification from the Lenders in having to defend against this lawsuit.

14. Parking Source expressly reserves its right to amend and to plead other defenses and affirmative defenses.

## PARKING SOURCE LLC'S COUNTERCLAIM

Parking Source LLC has one or more counterclaims against all Plaintiffs arising out of the same transactions or occurrences that are the subject matter of Plaintiffs' claims asserted in this litigation. Pursuant to Rule 13(a)(1) of the Federal Rules of Civil Procedure, Parking Source, LLC is required to state these compulsory counterclaims at this time in this pleading. Plaintiffs are, however, currently debtors in a jointly-administered case under Chapter 11 of the United States Bankruptcy Code pending in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), at Case No. 15-11729 (MFW) (Jointly Administered) (the "Bankruptcy Case"). As such, the prosecution of such counterclaims against Plaintiffs is stayed by section 362(a) of the Bankruptcy Code. Contemporaneously with the filing of this pleading, Parking Source LLC has filed in the Bankruptcy Case a motion for relief from the automatic stay in order to, *inter alia*, prosecute such counterclaims in this litigation, and avoid any waiver of any of their rights or claims. Subject to appropriate relief from the Bankruptcy Court, Parking Source LLC agrees that Plaintiffs may have a continuing extension of time to answer or otherwise respond to these counterclaims. Moreover, Parking Source LLC reserves the right to amend any such counterclaims if, as and when they obtain relief from the Bankruptcy Court in order to fully prosecute such counterclaims. With the foregoing reservations, Parking Source LLC sets forth their counterclaims against Plaintiffs, as follows:

1. This is an action for breach of contract. Parking Source LLC restates and incorporates by reference the allegations contained in paragraphs 9-13, 16 and 17 of the Complaint. All allegations are made against all Plaintiffs unless otherwise noted.

### Count I – Breach of Contract
### (Articles 5.8(a) and 5.8(b))

2. Parking Source LLC reasserts and incorporates by reference its allegations contained in paragraph 1 above.

3. Parking Source LLC and the Plaintiffs entered into a Loan and Security Agreement (the "LSA"). *See* D.E. 1-1.

4. Pursuant to Articles 5.8(a) and 5.8(b) of the LSA, Plaintiffs were obligated to remain solvent, to be able to pay debts as they mature and to have sufficient capital to carry on the business. Plaintiffs were also obligated to disclose and avoid litigation and to avoid outstanding indebtedness.

5. Plaintiffs breached this obligation.

6. Parking Source LLC fully performed under the LSA.

7. Parking Source LLC has been damaged as a result of Plaintiffs' breach of contract.

### Count II – Breach of Contract
### (Articles 5.11 & 5.12)

8. Parking Source LLC reasserts and incorporates by reference its allegations contained in paragraph 1 above.

9. Parking Source LLC and the Plaintiffs entered into a Loan and Security Agreement (the "LSA"). *See* D.E. 1-1.

10. Pursuant to Articles 5.11 and 5.12 of the LSA, Plaintiffs were obligated to remain current on all principal and interest payments on all debts. Plaintiffs were not permitted to be in default on any other debt.

11. Plaintiffs breached this obligation.

12. Parking Source LLC fully performed under the LSA.

13. Parking Source LLC has been damaged as a result of Plaintiffs' breach of contract.

### Count III – Breach of Contract
### (Article 5.22 – Material Contracts)

14. Parking Source LLC reasserts and incorporates by reference its allegations contained in paragraph 1 above.

15. Parking Source LLC and the Plaintiffs entered into a Loan and Security Agreement (the "LSA"). *See* D.E. 1-1.

16. Pursuant to Article 5.22 of the LSA, Plaintiffs were obligated to remain current on all other material contracts. This includes the Marketing Agreement referenced in Article 8.1(m). Plaintiffs breached the Marketing Agreement.

17. Failure to comply with the Marketing Agreement constitutes a default of the LSA.

18. Parking Source LLC fully performed under the LSA and the material contract.

19. Parking Source LLC has been damaged as a result of Plaintiffs' breach of contract.

### Count IV – Breach of Contract
### (Articles 14 & 4)

20. Parking Source LLC reasserts and incorporates by reference its allegations contained in paragraph 1 above.

21. Parking Source LLC and the Plaintiffs entered into a Loan and Security Agreement (the "LSA"). *See* D.E. 1-1.

22. Pursuant to Article 14.1 of the LSA, Plaintiffs and the other lenders to the Plaintiffs appointed Parking Source LLC as the Agent for such Lenders under the LSA and other documents.  There is no contractual mechanism for Parking Source LLC to be removed as Agent under the LSA.

23. Pursuant to Article 4.1 of the LSA, Plaintiffs pledged certain collateral to Parking Source LLC in order to induce Parking Source LLC to serve and perform as the Agent.

24. Parking Source loaned the Plaintiffs $5 million under the LSA.  Parking Source's loan was secured by the Collateral.

25. In August 2015, Parking Source LLC was removed as Agent.  Parking Source's removal as Agent was unauthorized and illegal.

26. As a result of being wrongfully removed as Agent, Parking Source LLC lost its contractual right to foreclose on the Collateral under the LSA.  In essence, Parking Source LLC's $5 million secured loan to the Plaintiffs became a $5million unsecured loan to the Plaintiffs.

27. Plaintiffs breached the contract by wrongfully removing Parking Source LLC as the Agent.

28. Parking Source LLC fully performed under the LSA and the material contract.

29. Parking Source LLC has been damaged as a result of Plaintiffs' breach of contract.

## **Prayer for Relief**

Having answered and denied the Complaint, Defendant Parking Source LLC requests entry of a final judgment in its favor and against the Plaintiffs on all counts and counterclaims, award it taxable costs, and award any other relief this Court deems just and proper.

Dated:   October 13, 2015

        **STEVENS & LEE, P.C.**
        Attorneys for Defendant Parking Source LLC

        By: */s/ Constantine D. Pourakis*
            Constantine D. Pourakis
            485 Madison Avenue, 20th Floor
            New York, New York 10022
            Telephone:  (212) 537-0409
            Facsimile:   (610) 371-1237
            cp@stevenslee.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 13, 2015, I filed this document via the Court's ECF system which will then email the filed document to all attorneys as indicated on the attached service list.

/s/ *Constantine D. Pourakis*

## Service List

Jenny J. Kim, Esq.
Michael M. Fay, Esq.
Chris L. Sprengle, Esq.
**BERG & ANDROPHY**
120 W. 45th Street, 38th Floor
New York, New York 10036
Tel: 646-766-0073
Fax: 646-219-1977
mfay@bafirm.com
jkim@bafirm.com
esprengle@bafirm.com
*Counsel for Plaintiffs*

Matthew Seth Sarelson, Esq.
**KAPLAN YOUNG & MOLL PARRON**
600 Brickell Avenue, Suite 1715
Miami, Florida 33131
Tel: 305-531-2424
Fax: 305-531-2405
msarelson@kymplaw.com
*Counsel for Defendants*

Jaime D. Guttman, Esq.
**PRIVATE ADVISING GROUP, P.A.**
600 Brickell Avenue, suite 1725
Miami, Florida 33131
Tel: 786-292-1597
jaime@private-advising.com
*Counsel for Defendants*