UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

BOOMERANG SYSTEMS, INC.,
BOOMERANG SUB, INC., BOOMERANG USA CORP.
and BOOMERANG MP HOLDINGS, INC.,

                           Plaintiffs,

-against-

PARKING SOURCE LLC, HARVEY
HERNANDEZ and JESUS QUINTERO,

                           Defendants.

15 Civ. 6524 (ALC) (DCF)

---

## DECLARATION OF CONSTANTINE D. POURAKIS
### IN SUPPORT OF MOTION TO PERMIT STEVENS & LEE, P.C.
### TO WITHDRAW AS COUNSEL OF RECORD FOR DEFENDANTS
### PARKING SOURCE LLC, HARVEY HERNANDEZ AND JESUS QUINTERO

Pursuant to 28 U.S.C. § 1746, Constantine D. Pourakis declares as follows:

1. I am an attorney admitted to practice before this Court and a shareholder at Stevens & Lee, P.C. ("S&L"), counsel to the Defendants. I submit this declaration in support of the motion to permit S&L to withdraw as counsel of record for defendants Parking Source LLC, Harvey Hernandez and Jesus Quintero (the "Parking Source Parties").

2. On August 31, 2015, the Parking Source Parties entered into an engagement letter (the "Engagement Letter") and formally retained S&L to represent their interests as defendants in this action and as creditors in Plaintiffs' jointly-administered bankruptcy case in the United States Bankruptcy Court for the District of Delaware.

### Relief Requested

3. Pursuant to Local Civil Rule 1.4, S&L requests this Court's authorization to withdraw as counsel for the Parking Source Parties in this case.

4. Rule 1.16(c)(5) of the New York State Rules of Professional Conduct provides that withdrawal of an attorney from a matter is appropriate when the "client deliberately disregards an agreement or obligation to the lawyer as to expenses or fees." Additionally, and alternatively, withdrawal is appropriate if "the client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively." N.Y.S. R. Prof'l Conduct 1.16(c)(7).

5. The Parking Source Parties have not fulfilled their agreed upon financial obligations to S&L pursuant to the Engagement Letter. In that regard, S&L has repeatedly given the Parking Source Parties notice that satisfaction of these financial obligations is necessary, and that a motion to withdraw would be filed if their financial obligations were not met. The Parking Source Parties' continuing refusal to honor their financial obligations to Stevens & Lee has made withdrawal appropriate under Rule 1.16 of the New York State Rules of Professional Conduct.

6. In January 2016, the Parking Source Parties were notified in writing that S&L intends to withdraw its representation. Since the inception of this case, the Parking Source Parties retained co-counsel in this matter, Jaime D. Guttman, Esq. and Matthew Sarelson, Esq., to protect their interests in this case. Defendants will not be prejudiced by S&L's withdrawal as counsel, as co-counsel has been in place since inception.

7. Likewise, new counsel has just been retained by Plaintiffs. The Plaintiffs will therefore not be prejudiced by S&L's withdrawal as counsel for the Parking Source Parties.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: New York, New York
April 20, 2016

_____
Constantine D. Pourakis

2